IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

AKIL R. BEY, *ex rel.*,
AIKIDO GRAVES-BEY, *et al.*,
          Plaintiffs,

v.                                                       Civil Action No. 3:14-cv-511-JAG

HON. SHARON G. JACOBS, *et al.*,
          Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* plaintiffs'[1] motion to proceed *in forma pauperis*. (Dk. No. 1.) Upon due consideration, the Court finds that the *pro se* plaintiffs are unable to pay the costs of proceeding in the instant case. Accordingly, the Court hereby GRANTS the *pro se* plaintiffs' motion to proceed *in forma pauperis* and DIRECTS the Clerk to docket the complaint.

The plaintiffs commenced this action on July 17, 2014, against four judges,[2] four attorneys,[3] and one employee of the Richmond Department of Social Services ("Richmond DSS").[4] Essentially, the plaintiffs are upset that a Virginia state court entered a child protective order against them. In retaliation for entering the child protective order, the plaintiffs have sued anyone and everyone they believe to be involved in entering the order or enforcing the order.

---

[1] The plaintiffs consist of a husband and wife: Akil R. Bey and Katrina Bowers-Graves. The plaintiffs also bring a claim on behalf of their minor daughter.
[2] Judge Sharon Gregory Jacobs, Richmond Juvenile and Domestic Relations Judge; Judge Marilynn C. Goss, Richmond Juvenile and Domestic Relations Judge; Prince William County Judge Jane Doe 1; and Prince William County Judge Jane Doe 2.
[3] Ramona Taylor, attorney for the City of Richmond; Deborah Siegel, county attorney for Prince William County, Chester Banks, Akil Bey's attorney in the state case; and Neal Olesker, Katrina Bowers-Graves' attorney in the state case.
[4] Ronald Rathers.

The Court DISMISSES the case WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). The case cannot proceed against the four defendant judges because the judges acted in their official capacities and are, therefore, immune from suit. Additionally, to the extent that the plaintiffs are asking this Court to review and pass upon the merits of the protective order, the *Rooker-Feldman* doctrine prohibits this Court from doing so. As to the attorneys and the social worker, the claims brought by the plaintiffs fail to state a claim on which relief may be granted. Thus, the Court dismisses the complaint in its entirety.

## I. Statement of Facts

A Prince William County Juvenile and Domestic Relations District Court renewed a child protective order regarding the plaintiffs' minor daughter and then transferred the case to the City of Richmond Juvenile and Domestic Relations District Court. (Compl., Ex. A.) The plaintiffs claim "that [the] protective order was put in place without any hearing or trial or any acknowledgment by any party." (Compl. at 2.) The plaintiffs allege that "there is a high possibility that the protective order was fake or forged." (Compl. at 2.) Although the complaint is extremely difficult to decipher, the plaintiffs appear to believe that the defendants are part of an alleged conspiracy against them because they took the following actions:

- Judge Doe 1 advised the plaintiffs that they did not need to appear for a hearing when the court renewed the protective order. (Compl. at 2.)

- Four of the defendants—Siegel, Taylor, Olesker, and Judge Doe 2—signed the protective order. (Compl., Ex. A.)

- Chester Banks was present at the signing of the protective order. (Compl. at 2.)

- After the Court entered the protective order, the plaintiffs appeared by summons in the City of Richmond Juvenile and Domestic Relations District Court in front of Judge

Jacobs for several show cause orders the court had entered against them. (Compl. at 1.) At the hearing, Judge Jacobs dismissed the show cause orders, but then served the protective order on the plaintiffs. (Compl. at 2.)

- At some point, Judge Goss appointed attorneys to represent the plaintiffs in the state action. (Compl. at 8.)

- Ronald Rathers, the Richmond DSS worker, attempted to enforce the protective order and visited the plaintiffs' daughter at school. (Compl. at 7.)

## II. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court need not "attempt to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

Additionally, 28 U.S.C. § 1915(e)(2)(B) provides that "the court shall dismiss" an action filed *in forma pauperis* "at any time if the court determines that the action . . . fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III. Discussion

The plaintiffs allege the following claims:

> 5th and 14th Amendment Due Process & Equal Protection, 6th Amendment Gathering evidence to build defense, Constitution of Virginia Article 1 Bill of Rights Section 11, 15 Due Process, Right to Counsel, 18 U.S.C. § 922(g)(8). 2nd Amendment Right to Keep and Bare [sic] Arms, Article 3 sec 2 US Constitution (Federal Courts Jurisdiction), Conspiracy, 4th Amendment US Constitution (Unlawful Searches and Seizures).

(Compl. at 1.)

#### *i. Claims Against the Judges*

While the complaint does not specify which allegations apply to which defendants, the plaintiffs seem to accuse Judge Jacobs of violating their rights under the Second, Fifth, Sixth, and Fourteenth Amendments, and conspiring with others to commit these civil rights violations. The plaintiffs apparently allege that Judge Doe 1 and Judge Doe 2 conspired to create a false protective order. Additionally, the plaintiffs claim that Judge Goss "unlawfully appointed attorneys" who also conspired against the plaintiffs and suggest that Judge Goss somehow participated in the conspiracy. (Compl. at 8.)

Without reaching whether these allegations state a claim upon which relief may be granted, the Court must dismiss the claims against the four defendant judges because the plaintiffs seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). It is well settled that judges, in exercising the authority vested in them, are absolutely immune from civil suits brought under 42 U.S.C. § 1983 for money damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (*per curiam*); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). The doctrine of judicial immunity is expansive and even extends to judicial action taken in error, done maliciously, or in excess of authority. *See Mireles*, 502 U.S. at 11–13; *see also Everson v. Doughton*, 267 Fed.App'x 229, 229 (4th Cir. 2008) (citing *Stump v. Sparkman*, 435 U.S. 349,

356–57 (1978)). Thus, a judge is entitled to absolute immunity if the judge acted in his or her judicial capacity and had jurisdiction over the subject matter. *King v. Meyers*, 973 F.2d 354, 357 (4th Cir. 1992). A plaintiff alleging a suit for money damages against a judge can overcome absolute judicial immunity only by a showing that (1) the judge's actions were taken outside of the judge's judicial capacity or that (2) the judge acted in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12; *see King*, 973 F.2d at 356–57. The plaintiffs do not allege that the four judges acted outside their judicial capacities or lacked jurisdiction.

In addition to monetary damages, the plaintiffs ask this Court to order the state judges (1) to recuse themselves from their daughter's case or (2) to dismiss the protective order. This Court has no authority to compel state judges to recuse themselves or to compel them to dismiss a protective order. This Court simply cannot grant the relief sought by the plaintiff.

Additionally, the *Rooker-Feldman* doctrine, which generally prevents the lower federal courts from directly reviewing state court decisions, applies to this matter. The *Rooker-Feldman* doctrine serves as a jurisdictional bar to a federal district court's review of a state court judgment. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "District courts cannot review final state court judgments because Congress has vested appellate jurisdiction over state court decisions with the United States Supreme Court." *Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (citing 28 U.S.C. § 1257(a)). As explained by the Supreme Court, the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The controlling question in a *Rooker-Feldman* analysis "is whether a party seeks the federal

district court to review a state court decision and thus pass upon the merits of that state court decision." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)). To the extent that the plaintiffs are asking this Court to review and pass upon the merits of the protective order, this Court lacks jurisdiction to do so.

### ii. Claims Against the Attorneys and the Social Worker

The plaintiffs also "include the attorneys as defendants because even though they are attorneys they are still conspirators." (Compl. at 3.) The plaintiffs allege that the four named attorneys—Olesker, Banks, Taylor, and Siegel—conspired with the judges to enforce the fraudulent protective order. "The defense attorneys is [sic] scared to challenge the fraud and the constitutional violations attached to the protective order, such as identity theft, due process, equal protection, fraud, and etc." (Compl. at 3.) These allegations fail to state a claim on which relief may be granted.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiffs make only conclusory statements alleging a conspiracy to perpetuate a fraudulent protective order between the defendant attorneys and judges. Without more, these allegations fail to provide enough facts to state a claim on which relief may be granted and, therefore, the Court dismisses all claims against the attorneys.

The plaintiffs also name Ronald Rathers as part of the larger conspiracy because he attempted to enforce the protective order. Additionally, the plaintiffs allege that Rathers violated their Fourth Amendment rights and their daughter's Fourth Amendment rights because he visited

their daughter at school and interviewed her without a warrant. (Compl. at 7.) First, just as the conspiracy claims fail against the attorneys, the conspiracy claims also fail against Rathers. The complaint is lacking of anything but conclusory allegations that could lead the Court to infer that Rathers conspired to violate the plaintiffs Fifth Amendment rights, Fourteenth Amendment rights, Sixth Amendment rights, Due Process rights, or Second Amendment rights. Second, the plaintiffs have completely failed to allege sufficient facts to show that Rathers violated the parents' Fourth Amendment rights when interviewing their daughter. Third, assuming that the plaintiffs have standing to sue on behalf of their daughter, the Fourth Amendment claim on behalf of their daughter still fails. Their claim is void of any allegations that could make out a plausible claim that Rathers violated their daughter's Fourth Amendment rights. Accordingly, the Court dismisses all counts against Rathers.

### iii. Sanctions

The Federal Rules of Civil Procedure allow a court to sanction parties who file frivolous lawsuits or motions "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). The Court is aware that the plaintiffs filed the instant case only six days after this Court dismissed another case brought by the Akil Bey for Bey's failure to state a claim on which relief may be granted. *See* 3:13cv464-HEH. Moreover, this Court is aware of at least three other cases that Akil Bey has filed in this Court since 2013. *See* 1:13cv102-TSE-TRJ, 1:13cv176-LO-IDD, 1:13cv1001-TSE-TCB. The Court hereby puts Bey on notice that continuing to file frivolous lawsuits, such as this one, will likely result in sanctions.

## IV. Conclusion

The Court finds that the plaintiffs seek monetary relief against four defendants who are immune from such relief. Additionally, to the extent that the plaintiffs are asking this Court to review and pass upon the merits of the protective order, the *Rooker-Feldman* doctrine prohibits the Court from doing so. As to the attorneys and the social worker, the plaintiffs fail to state a claim on which relief may be granted. Thus, the plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE and the Court DENIES as MOOT the plaintiffs' motion to include audio exhibits. (Dk. No. 1-5.)

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion via U.S. mail to the *pro se* plaintiffs.

/s/
John A. Gibney, Jr.
United States District Judge

Date: August 6, 2014
Richmond, VA